## DUBOIS v. WILLIAMSON.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. ACTION FOR CONSTRUCTING WELLS—ADMISSIBILITY OF EVIDENCE—CONTRADICTION OF PLAINTIFF'S TESTIMONY.

   In an action for materials furnished and labor performed under a contract to construct driven wells, plaintiff testified that the wells worked well, pumped free and all right, and gave a good quantity of water. *Held*, that defendant's testimony as to what had been the value of the wells to him, and whether he had ever used any water therefrom, was not admissible as tending to contradict plaintiff.

2. SAME—CONCLUSION OF WITNESS.

   Questions asked defendant as to whether he had been able to use the wells, or any water therefrom, were properly excluded as calling for his conclusion.

3. SAME—ACCEPTANCE.

   Plaintiff testified that, after two of the wells were finished and tested, defendant said they would do for such use as he wanted them for, and

that they were all right.   *Held*, that defendant's evidence as to the value of the wells to him, and whether he was not able to use them, or use any water from them, was inadmissible to disprove this testimony, being merely his conclusions.

4. SAME.

Defendant testified that he made a test to see how much water he could draw from the wells, and pumped them all dry in about five minutes, and that two of them yielded only salt water, and he could not get any fresh water from the third.   *Held*, that a question as to whether he had ever used any water from the wells was properly excluded, as already answered.

Appeal from Trial Term, Suffolk County.

Action by Henry J. Dubois against John N. Williamson. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frederic R. Kellogg (Everett J. Esselstyn, on the brief), for appellant.   Willard N. Baylis, for respondent.

WILLARD BARTLETT, J.   The plaintiff in this action recovered a verdict of $1,208.05, as the value of materials furnished and labor performed by him under a contract with the defendant for the construction of a number of driven wells on the defendant's property at Little Neck, in Suffolk county.   The principal issue litigated upon the trial and submitted to the jury was the question whether the agreement provided that the labor and material should be paid for as the work progressed, or whether it provided that water to the amount of 200 gallons a minute should be produced from the wells before the plaintiff would be entitled to any payment.   No exception was taken to the charge, and the only questions raised upon the present appeal relate to the correctness of the rulings of the trial judge in excluding certain evidence sought to be elicited by the defendant.   These rulings relate to the following questions:

"Q. What has been the value of these wells to you?"   "Q. Have you been able to use them at all?"   "Q. Have you ever been able to use any water from these wells?"   "Q. Have you ever used any water from these wells?"

These questions were put to the defendant upon his redirect examination, and in each instance the plaintiff's objection thereto was sustained, and the defendant excepted.

In behalf of the appellant, it is contended that the evidence which he sought to elicit was relevant for the purpose of meeting this testimony given by the plaintiff upon his direct examination:   "Q. Did they work well?   A. Yes, sir; pumped free and all right a good quantity of water."   I am unable to perceive how the defendant's estimate of the value of the wells to him would tend in any manner to contradict this testimony given by the plaintiff, or how the mere fact that the defendant may never have used any water from the wells would tend to disprove the plaintiff's averments as to their capacity and adequacy.   The questions as to the ability of the defendant to use the wells, or the water therefrom, were manifestly objectionable, as calling for a conclusion as to what the witness might think he could or could

not do, instead of calling for a fact. The proper method by which to controvert the testimony of the plaintiff which has been quoted would have been to inquire as to the manner in which the wells actually worked, and whether they pumped freely and yielded a good quantity of water.

It is further argued that the questions were relevant as bearing upon the probability of the defendant's alleged acceptance of the wells. There was no allegation of acceptance in the complaint, nor was anything said on the subject by the learned trial judge in his charge.. It is true that the plaintiff did testify that, after two of the wells were finished and tested, the defendant said they would do for screening sand or such use as he wanted them for; "that they were all right." It may very well be that proof of the insufficiency of the wells would tend to render it improbable that the defendant expressed satisfaction with them, but this proof would have to consist of statements of fact, and not mere matters of opinion or conclusions of the witness. It will be observed that the only one of the questions which calls for any statement of fact is the fourth: "Q. Have you ever used any water from these wells?" This question had really been answered before, for the defendant had testified that he had made a test to see how much water he could draw from the wells, and that he pumped the first well dry in about five minutes, the second one in a little less time, and the third one in about the same time. He had also stated that the first and second wells yielded only salt water, and that he was unable to get any fresh water from the third. It will thus be perceived that all the matters of fact which could properly have been sought for by the questions under discussion had already been fully laid before the jury; and it seems to me quite clear that the rulings upon the first three questions were absolutely correct, irrespective of the evidence which had already been introduced in the case, and that the ruling upon the fourth question was right, because the witness had already testified, in effect, that he had not used any of the water from the wells.

As the learned trial judge told the jury, there was no serious dispute as to the quantity of work done and materials furnished by the plaintiff; and the case turned upon the question whether the contract was one which entitled the plaintiff to nothing until the final completion of the job, or one whereby the defendant undertook to pay for the work as it went on, and the jury answered this question in favor of the plaintiff. In my opinion, there is no warrant for interfering with their finding.

*Judgment and order affirmed, with costs. All concur.*